IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CIVIL ACTION NO. 04-cv-01295-LTB-CBS

BETTY GALLEGOS, BERTHA PACHECO,
LAURA REYES, MANUELA ARRAS, DAVID ZUBIA,
ANTONIO MEZA, JESUS ARENIVAR, ALBA BARRIOS,
GLORIA CAMPOS, SAN JUANITA CELEDON,
REYNEL CARMONA, SYLVIA CRUZ, JESUS ESTRADA,
MARIA ISABEL FLORES, JORGE MARTINEZ,
MARIA MCREYNOLDS, IGNACIO RANGEL,
JUANA ROSALES, MARIA TOVAR, ANTELMO ZUNUN,
MARIA ALVA, PETRONA COREAS, MARIA ESTEVEZ,
ALFREDO PINEDA, CARMEN LUNA, PATTY LEHMKUHL
& LUIS OCHOA,

       Plaintiffs,

v.

SWIFT & COMPANY,

       Defendant.

_____

**STIPULATION REGARDING CONFIDENTIALITY AND NON-DISCLOSURE**
_____

COME NOW the parties to this action, Plaintiffs Gallegos, et. al and Defendant Swift &

Co. and hereby agree, stipulate and respectfully move the Court for entry of a protective order

pursuant to Fed. R. Civ. P. 26(c), as follows:

1.      The parties acknowledge that during the course of this litigation, certain

information and documents of a confidential nature will be produced in response to discovery

requests including, but not limited to, proprietary information such as Physical Demands

Assesment sheets and video tapes depicting each job at Swift's Greeley plant, and that disclosure

of same except as authorized herein could jeopardize the privacy of certain employees and cause competitive injury to the corporate defendant.

2.      The disclosure and distribution of said confidential information can be and should be reasonably restricted.

3.      "Confidential Information," as that term is used herein, means any type or classification of information whether it be a document; information contained in a document; information revealed in an interrogatory answer or document request or informal exchange of information, whether in written, electronic or other form; information produced in response to an Order of Court; or other information specifically designated by a party as "Confidential Information," upon the production or release of same.

4.      The producing party may designate material as Confidential Information by causing to be placed upon the material the word "CONFIDENTIAL" or similar words. Documents designated as "CONFIDENTIAL" may be made available for inspection prior to the stamping or labeling of them as such; however, such documents must be labeled or stamped as "CONFIDENTIAL" prior to providing copies to counsel for the inspecting party. In the event that "CONFIDENTIAL" material is elicited through questioning at the deposition of a representative of a producing party or any other witness, the producing party or any party may at the time of the deposition designate the deposition as "CONFIDENTIAL." The designation of any material as "CONFIDENTIAL" will also render "CONFIDENTIAL" any copies, excerpts, summaries or other disclosure of the substance or content of such material. Inadvertent failure to designate material as "CONFIDENTIAL" may be corrected by supplemental written notice within 30 days of the date of producing such material.

5.      The protection afforded herein shall not adversely affect the rights of the parties to assert legal privileges to the discovery of requested information nor shall it restrict the parties from utilizing and distributing confidential information presently in their possession in the normal course of business.

6.      All materials designated "CONFIDENTIAL" that are produced or exchanged in the course of this litigation shall be used solely for the purposes of this litigation.

7.      Materials designated "CONFIDENTIAL" shall not be disclosed by or on behalf of the parties other than to the following:

a.      To the Court and its support personnel;

b.      Plaintiff and its counsel, and partners, associates, employees and independent contractors of said counsel;

c.      Defendants and their counsel, and partners, associates, employees, and independent contractors of said counsel;

d.      Experts retained or consulted by the party's counsel to assist in the preparation of this litigation for settlement or trial.   Each such expert, prior to receipt of such material, shall execute an affidavit in the form attached hereto as Appendix A, a copy of which affidavit shall be served upon counsel of record for all parties within ten days of the execution thereof.

e.      Any person or persons agreed upon by the parties or as ordered by the Court to serve as mediator in this litigation.

f.      As otherwise required by law.

8.     If a party wishes to disclose material designated "CONFIDENTIAL" to a witness or a potential witness, the party's counsel must seek permission from the other party's counsel, which is not to be unreasonably withheld. Each such witness who is designated to receive "CONFIDENTIAL" material shall, prior to receipt of such material, execute an affidavit in the form attached hereto as Appendix A, a copy of which affidavit shall be served upon counsel of record for all parties within ten days of the execution thereof.

9.     This Stipulation applies only to materials designated "CONFIDENTIAL" first disclosed between the parties and/or their counsel after execution of it by them.  The parties acknowledge that neither of them nor others to whom this Stipulation may apply can be held accountable for prior or future disclosure of confidential information or documents beyond their control and not in violation of this Stipulation.

10.    Upon the termination of this action each party upon the request of the other party ("Requesting Person") shall return to the Requesting Person at the Requesting Person's expense, or destroy, all materials (including any information disclosed to a third person), but not including any notes or other attorney's work product created by an attorney for the party returning the material. Each Requesting Person shall have the option to decide whether its materials are to be returned or destroyed pursuant to this paragraph. Counsel for the party supervising such disposition shall provide to counsel for the Request Person a certificate reflecting such disposition. Nothing in this paragraph shall preclude outside counsel from retaining after termination of this action copies of (a) pleadings, motions and memoranda filed with the Court; and (b) hearing and trial transcripts, provided, however, that such counsel may not disclose retained materials which contain

"CONFIDENTIAL" material to any other person and shall keep such retained "CONFIDENTIAL"

materials in a manner reflecting their confidential nature.

   11.  Prior to the filing or submission into evidence in this action of any

"CONFIDENTIAL" material (including the filing of any pleadings which incorporate or disclose

"CONFIDENTIAL" material) by either counsel for the inspecting party or counsel for the

producing party, counsel for the inspecting party shall and counsel for the producing party may

seal "CONFIDENTIAL" material in an envelope or other container marked to indicate that the

same is subject to this Stipulated Protective Order and is to be retained under seal unless ordered

by the Court to be opened. Such sealing and filing shall be accomplished in accordance with the

appropriate local court rules for filing material under seal, and the material shall remain under seal

until the Court orders otherwise. Such "CONFIDENTIAL" material shall not become a part of the

public record in this action, nor shall it otherwise be made available to the public. Only persons

authorized under the provisions of this Stipulated Protective Order, the Court (including any court

to which this action may be appealed or transferred), and persons employed by or assisting the

Court in this action shall be given access to any such "CONFIDENTIAL" materials or to any

testimony or oral statements disclosing the substance thereof.

   12.  A party may, subject to the rules of evidence and order of this Court, use any

information designated as "CONFIDENTIAL" for any purpose at trial of this action or at any

hearing before a judicial officer in this action, provided that the notice is given to counsel for the

party or witness providing the "CONFIDENTIAL" material, and provided further that such

counsel may at the time of such proposed use, and prior to the disclosure of the

"CONFIDENTIAL" material, move for an appropriate protective order. In the event that any

"CONFIDENTIAL" material is used in any court proceeding herein, it shall not lose its

confidential status through such use, and the parties shall take ali steps reasonably required to

protect its confidentiality during such use.

13.     Each court reporter taking any testimony relating to this matter shall be informed of

the provisions of this Stipulated Protective Order and shall agree to be bound by those provisions.

14.     The provisions of this Stipulation may be amended by agreement of the parties in

writing.

15.     This Stipulation may be entered as an Order of the Court by consent of the parties

and shall be binding on the parties as of the date signed by their counsel on their behalf.

DATED at Denver, Colorado, this 16th day of December, 2005.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

s/ Britton Morrell                                    
Britton Morrell
THE MORRELL LAW OFFICE, LLC
1305 8th Street
Greeley, CO  80631
Tel: (970) 356-9898
Fax: (970) 356-9899
mloffice@mac.com
Attorney for Plaintiffs Gallegos, et al.

s/ W. V. Bernie Siebert_____
W. V. Bernie Siebert
Leslie Abernathy Johnson
SHERMAN & HOWARD L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO  80202
Tel: (303) 297-2900 / Fax: (303) 298-0940
bsiebert@sah.com / ljohnson@sah.com

Stuart B. Johnston, Jr.
VINSON & ELKINS, L.L.P.
3700 Trammell Crow Center, 2001 Ross Ave.
Dallas, TX  75201-2975
Tel: (214) 220-7842 / Fax: (214) 999-7842
sjohnston@velaw.com
Attorneys for Defendant Swift & Company